UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4918 PA (PVCx)<br>CV 22-2508 PA (PVCx) | Date | April 18, 2022 |
|---|---|---|---|
| Title | P.S., et al. v. City of San Fernando, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**     IN CHAMBERS - COURT ORDER

Plaintiffs P.S. and R.R. ("Plaintiffs"), who are minors appearing through their guardians ad litem and are represented by counsel, commenced this action on June 16, 2021. A third plaintiff, Jonathan Valdivia ("Valdivia"), filed a second action, which was recently consolidated with Case No. CV 21-4918 PA (PVCx). The original Complaint in CV 21-4918 PA (PVCx) asserted claims against the City of San Fernando and Saul Garibay ("Garibay"), a member of the City of San Fernando's Police Department ("SFPD"), plus Doe defendants. The Complaint alleges that the incident occurred on July 4, 2019. Plaintiffs' Complaint in CV 21-4918 PA (PVCx) asserts claims for: (1) unreasonable search and seizure pursuant to 42 U.S.C. § 1983; (2) excessive force pursuant to 42 U.S.C. § 1983; (3) malicious prosecution pursuant to 42 U.S.C. § 1983; (4) unconstitutional custom, policy, or practice against the City of San Fernando pursuant to 42 U.S.C. § 1983; (5) battery; (6) negligence; (7) intentional infliction of emotional distress; and (8) violation of California's Bane Act.

The Court issued a Civil Trial Scheduling Order pursuant to Federal Rule of Civil Procedure 16(b) on September 8, 2021. The Court's Civil Trial Scheduling Order established a last day to hear a Motion to Amend Pleadings or Add Parties of December 13, 2021. Plaintiffs filed a Motion to Amend on February 15, 2022. In their Motion to Amend, Plaintiffs seek to add former SFPD officers Armando Patino ("Patino") and Frazier Godinez ("Godinez") as defendants in place of two of the Doe defendants named in the original Complaint. Plaintiffs' Motion to Amend erroneously relied on Federal Rule of Civil Procedure 15, rather than Federal Rule of Civil Procedure 16(b), which applies to efforts to amend after a court has issued a scheduling order. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992); see also United States v. Dang, 488 F.3d 1135, 1142 (9th Cir. 2007) ("Because the . . . [party] sought to amend its complaint well after the court issued its Rule 16 scheduling order, the . . . [party] was required to demonstrate 'good cause' for modifying the order.") (citing Fed. R. of Civ. Pro. 16(b) and Johnson, 975 F.2d at 608).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4918 PA (PVCx)<br>CV 22-2508 PA (PVCx) | Date | April 18, 2022 |
|---|---|---|---|
| Title | P.S., et al. v. City of San Fernando, et al. | | |

The Court, in its March 20, 2022 Minute Order, concluded that Plaintiffs failed to satisfy Rule 16(b)'s "good cause" standard or otherwise excuse Plaintiffs' failure to diligently pursue amendment of the pleadings. The Court therefore concluded that Plaintiffs had not shown the diligence necessary to justify a modification of the Civil Trial Scheduling Order and denied Plaintiffs' Motion to Amend.

On April 13, 2022, Plaintiffs commenced another action, Case No. CV 22-2508 PA (PVCx), which asserts claims pursuant to 42 U.S.C. § 1983, for unreasonable search and seizure, excessive force, and malicious prosecution, against Patino and Godinez, arising out of the same July 4, 2019 incident that forms the basis of Plaintiffs' claims in CV 21-4918 PA (PVCx), and which Plaintiffs sought to assert in their untimely Motion to Amend in CV 21-4918 PA (PVCx). Plaintiff identified the new action as related to Case No. CV 21-4918 PA (PVCx), and this Court has accepted the low number transfer pursuant to General Order 21-01.

"A litigant has no right to maintain a second action duplicative of another." Barapind v. Reno, 72 F. Supp.ii 2d 1132, 1145 (E.D. Cal. 1999) (citing The Haytian Republic, 154 U.S. 118, 124, 14 S. Ct. 992, 993, 38 L. Ed. 930 (1894)); accord Zerilli v. Evening News Assn., 628 F.2d 217, 222 (D.C. Cir. 1980); Sutcliffe Storage & Warehouse Co. v. United States, 162 F.2d 849, 851 (1st Cir. 1947); Walton v. Eaton, 563 F.2d 66, 71 (3d Cir. 1977); Missouri ex rel. Nixon v. Prudential Health Care Plan, Inc., 259 F.3d 949, 954 (8th Cir. 2001); Church of Scientology of California v. U.S. Dep't of Army, 611 F.2d 738, 750 (9th Cir. 1979). Several circuits – including the Ninth Circuit – have also held that a newly filed complaint may not be tactically employed to bypass procedural conditions imposed on the first complaint. See, e.g., Adams v. Cal. Dep't of Health Servs., 487 F.3d 684, 688 (9th Cir. 2007) (affirming dismissal with prejudice of duplicative action filed "in an attempt to avoid the consequences of [a plaintiff's] own delay and to circumvent the district court's denial of her untimely motion for leave to amend her first complaint"); Walton, 563 F.2d at 71; Oliney v. Gardner, 771 F.2d 856, 859 (5th Cir. 1985); Hartsel Springs Ranch of Colorado, Inc. v. Bluegreen Corp., 296 F.3d 982 (10th Cir. 2002).

Here, it appears that Plaintiffs, by filing CV 22-2508 PA (PVCx) after the denial of their Motion to Amend in CV 21-4918 PA (PVCx), have attempted to circumvent the deadlines established by the Court's Civil Trial Scheduling Order issued in CV 21-4918 PA (PVCx). As the Ninth Circuit has observed:

> A scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-4918 PA (PVCx)<br>CV 22-2508 PA (PVCx) | Date | April 18, 2022 |
|---|---|---|---|
| Title | P.S., et al. v. City of San Fernando, et al. | | |

Gestetner Corp. [v. Case Equip. Co., 108 F.R.D. 138, 141 (D. Me. 1985)]. The district court's decision to honor the terms of its binding scheduling order does not simply exalt procedural technicalities over the merits of Johnson's case. Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier. Rule 16 was drafted to prevent this situation and its standards may not be short-circuited by an appeal to those of Rule 15. . . .

As the torrent of civil and criminal cases unleashed in recent years has threatened to inundate the federal courts, deliverance has been sought in the use of calendar management techniques. Rule 16 is an important component of those techniques. We will not snatch it away or destroy its effectiveness by requiring district courts to countenance the practices exemplified by the facts of this case.

Johnson, 975 F.2d 610-11.

Plaintiffs are therefore ordered to show cause in writing why Case No. 22-2508 PA (PVCx) should not be dismissed as a duplicate action. Plaintiffs' Response to this Order to Show Cause shall be filed by no later than April 25, 2022. Failure to timely or adequately respond to this Order to Show Cause may, without additional warning, result in the dismissal of the claims asserted in CV 22-2508 PA (PVCx) with prejudice.

IT IS SO ORDERED.